43695. MACON MACHINE SHOP, INC. v. HAWES, Commissioner.

Argued June 5, 1968—Decided September 3, 1968.

*Jones, Cork, Miller & Benton, Charles M. Cork, Jr., James M. Thomas,* for appellant.

*Arthur K. Bolton, Attorney General, William L. Harper, Melvin E. Thompson, Jr., Assistant Attorneys General,* for appellee.

DEEN, Judge. Under *Code Ann.* § 92-3408a a certificate that the property is purchased for resale relieves the seller of the necessity of collecting the otherwise applicable tax. "If a purchaser who gives a certificate makes any use of the property other than retention, demonstration, or display while holding it for sale in the regular course of business, the use shall be deemed a retail sale by the purchaser as of the time the property is first used by him, and the cost of the property to him shall be deemed the gross receipts from such retail sale." Where raw materials are fabricated by a contractor into products to be installed and

incorporated into realty, this constitutes a "use" or "consumption" by the contractor, who is liable for the tax regardless of the fact that the entity with whom it is contracting is a political subdivision exempt from the payment of sales tax. "Sales to contractors are sales to consumers." *J. W. Meadors & Co. v. State of Ga.*, 89 Ga. App. 583, 585 (80 SE2d 86). Is the situation different because, after the materials were fabricated in Georgia, the taxpayer installed them on real property located in another state? *Code Ann.* § 92-3406a provides: "It is not the intention of this Chapter to levy a tax upon articles of tangible personal property . . . manufactured in this State for export, the repairing or storage of such property in the State for use in another State, nor is it the intention of this Chapter to levy a tax on bona fide interstate commerce. It is, however, the intention of this Chapter to levy a tax on . . . the use, the consumption, the distribution, and the storage to be used or consumed in this State of tangible personal property after it has come to rest in this State and has become a part of the mass of property in this State." Appellant contends that this Code section as interpreted in *Undercofler v. Eastern Air Lines,* 221 Ga. 824 (147 SE2d 436) prevents the levy of the tax, but in that case gasoline and repair parts purchased in another State were merely stored by the taxpayer in Georgia for use by aeroplanes in interstate commerce and were so used by purchasers at the airport. The taxpayer put these items to no use whatever except to store them. In the present case the materials were purchased and placed in the general inventory of the taxpayer, following which the taxpayer, acting in its capacity as a contractor, removed the property from its storage in Georgia and fabricated it in Georgia, and then shipped the component parts out of Georgia for installation by it at the Tennessee contracting site. Under an identical California statute (§ 6094: "If a purchaser who gives a certificate makes any use of the property other than retention, demonstration, or display while holding it for sale in the regular course of business, the use shall be deemed a retail sale") it was held in Levine v. State Board of Equalization, 142 Cal. App. 2d 760 (299 P2d 738), that the non-

exempt use rendered the contractor liable for the tax, and that its imposition did not result in the levy of a tax on interstate commerce. It was held further in the Levine case that: "The appellants, in the instant cases, both stored and fabricated the materials in California, pursuant to construction contracts; they were not merely retaining these materials, demonstrating them or displaying them while holding them for sale in the regular course of business. Furthermore, since all of these events took place in California and were preliminary to the actual shipment of the structures [out of the State], there can be, in our opinion, no application of the Interstate Commerce Clause of the Federal Constitution. . . In other words, the appellants cannot use the resale certificate sections to strip the state of its jurisdiction merely because the ultimate and final use of the property took place in another state as part of the continuing process of contracting." Further, it was pointed out in *Undercofler v. Eastern Air Lines,* 221 Ga. 824, supra, that interstate commerce was not the issue, since the State could if it wished impose a use tax on storage within the State whether or not the material was used outside the State, but the decision turned on whether or not such storage use came within the exemption.

We do not consider that *Hawes v. Ingalls Iron Works Co.,* 117 Ga. App. 80 (159 SE2d 434) is applicable here. In that case the taxpayer purchased raw materials in Alabama, fabricated them in Alabama, and shipped them to Georgia for incorporation in its construction of a stadium. The holding went merely to the extent that this State could not tax the value of the fabricated property as imported, but only the value of the raw materials, because otherwise a discriminatory situation as between foreign and domestic contractors would result. It did not consider what the result to the taxpayer would have been if it had been shown that Alabama had levied a use tax, nor does it appear in this case that any tax has been paid in Tennessee so as to invoke the provisions of *Code Ann.* § 92-3412a involving double taxation.

The trial court properly held that the withdrawal of raw materials from inventory in Georgia and their fabrication by the

284

contractor into structural entities which it subsequently installed in Tennessee was a taxable use to the extent of the value of the raw material involved.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*